{¶ 19} I concur with the Majority Opinion and write separately because the underlying issue in this case is what should the restitution value be in a case where the counterfeit item is of poor quality and of far less value than the original legitimate item. The State argues that the only consideration should be the retail value. I would accept that premise, but for the restitution law in Ohio. The historical law in Ohio is that the restitution amount should bear a reasonable relationship to the actual loss suffered.
 {¶ 20} In this case, at the sentencing hearing, the State asked for $450 as restitution for its identified victim, the motion picture industry. The trial court ordered restitution in the amount of $13,655. The trial court must have taken the State expert's actual value of $19.00 and multiplied it times the number of DVD recordings in appellant's position on the date of arrest, which was 695. The trial court concluded that the restitution amount is both the State's request and the amount of $19.00 times 695. The query is whether this is reasonable.
 {¶ 21} At oral argument, the State argued that retail value is appropriate restitution, citing United States v. Larracuente.[1] InUnited States v. Larracuente, the federal appeals court made it clear that when the counterfeit-bootleg items are of obvious inferior quality and distributed to the consumer at far less than the retail price of the authentic items, then the outcome of the case is different. That court was deciding what sentencing level should the defendant receive when he has in his possession counterfeit items that are of high quality and distributes them at a legitimate outlet. The district court held that when counterfeit copies are prepared at a higher quality, which enables them to be distributed at a legitimate outlet, then the value of that item is retail. In this case, the 695 DVDs were of poor quality and sold at $3.00; consequently, to value them at retail is inconsistent with the very case relied upon by the State.
 {¶ 22} We are mindful that the trial court has discretion. We know that the expert opined that the actual loss was $19.00. The query is what should the restitution be, when the item is counterfeit, poor quality, and sold at a far less value than the authentic copy.United States v. Larracuente left that question open.
[1] (1992), 952 F.2d 672.